UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DUWAYNE WILLIAM OTTO,   CIVIL NO. 15-89 (SRN/JSM)

    Plaintiff,

v.   REPORT AND RECOMMENDATION

JOAN FABIAN,
Commissioner of Corrections,
TOM ROY,
Commissioner of Corrections,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

## I.   BACKGROUND

Plaintiff DuWayne William Otto filed this action on January 15, 2015 raising claims under 42 U.S.C. § 1983 against Joan Fabian, the now-retired Commissioner of the Minnesota Department of Corrections ("DOC"). [Docket No. 1]. On March 6, 2015, this Court ordered Otto to "effect service of process on defendant within 120 days of the date of this order, failing which it will be recommended that this action be dismissed without prejudice" [Docket No. 8]. On June 17, 2015, this Court granted Otto an extension of time to serve the Summons and Complaint "to and including August 1, 2015" [Docket No. 15]. On August 7, 2016, this Court granted Otto another extension of time to and "including September 8, 2015 to effect service of process in this case" [Docket No. 17]. On September 4, 2015, Otto filed an Amended Complaint, which added Tom Roy, the current Commissioner of the Minnesota Department of Corrections, as a defendant. [Docket No. 18].

1

On September 29, 2015, this Court issued an Order giving Otto "<u>one last opportunity to effect service of process in this case</u>." Order [Docket No. 19] (emphasis in original).  This Order provided that "Otto shall have to and including October 15, 2015, to serve and to provide proof of service upon defendants.  Failure to comply by October 15, 2015 may result in the recommendation that this case be dismissed for failure to prosecute."  <u>Id.</u>  On October 15, 2015 – the deadline for Otto to effect service of process – Otto sought another extension of time.  Letter to Magistrate Judge dated October 15, 2015 [Docket No. 20].  Otto complained that he had not received a copy of the Summons and Amended Complaint to effect service.  <u>Id.</u>  This Court directed the Clerk of Court to provide Otto with a Summons and copy of the Amended Complaint for service on Tom Roy.  Order dated October 23, 2015, p. 2 [Docket No. 21].  Otto was previously provided a Summons for service on Fabian.  [Docket No. 9].  The Court gave Otto "to and including November 20, 2015 to provide proof of service upon defendants" and stated that "[f]ailure to comply by November 20, 2015 may result in the recommendation that this case be dismissed for failure to prosecute.  No further requests for extensions will be considered by the Court."  Order dated October 23, 2015, p. 2.  The Clerk of Court issued the Summons as to Tom Roy the same day.  [Docket No. 22].

On November 23, 2015, Otto filed a Certificate of Service for Service by Mail [Docket No. 23].  Otto's Certificate of Service stated that he had mailed the Summons and Complaint, a "return of service waiver" and self-addressed, stamped envelopes for

the return of service waiver to Roy and Fabian at the Minnesota Department of Corrections office in St. Paul, Minnesota. Id.[1]

On January 6, 2016, Otto filed another Certificate of Service for Service by Mail. [Docket No. 24]. Otto stated that on December 17, 2015, copies of the Summons and First Amended Complaint, directed to Roy and Fabian at the DOC's central office, were "placed in [the] facility mail box by Officer Wolfe who signed and sealed the mail at 19:25-12/17/15 Faribault MCF Unit K-3-1." Id. Otto wrote a note on the Certificate of Service complaining that the DOC had been refusing to acknowledge receiving any mail from him, although he appeared to be referencing correspondence he sent the DOC regarding a different matter, not the instant lawsuit. Id. Otto sought entry of a default judgment sixty days after his mailing of the Summons and Amended Complaint on December 17, 2015, because the defendants were using their "powers to sabotage justice in the United States." Id.

## II.  DECISION

Federal Rule of Civil Procedure 4(e) allows the following methods of service upon individuals within a judicial district of the United States:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:

---

[1]   According to Otto, as of October 15, 2015, Fabian had not returned the service of process along with the self-addressed envelope. Letter to Magistrate Judge dated October 15, 2015.

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Mailing a copy of the Summons and Amended Complaint to Roy and Fabian did not comply with Rule 4(e)(2), so Otto could only effect service if he followed "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made."[2]  Fed. R. Civ. P. 4(e)(1).

Minnesota state law permits service by mail, but requires a plaintiff to send an acknowledgement-of-service form and await its return before service is deemed effective.  See Minn. R. Civ. P. 4.05 ("In any action service may be made by mailing a copy of the summons and of the complaint ... to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 . . . . If acknowledgement of service . . . is not received by the sender . . . service shall be ineffectual."); see also Gulley v. Mayo Found., 886 F.2d 161, 165 (8th Cir.1989) ("[I]f the acknowledgment form is not returned, the formal requirements of mail service are not met and personal service must be obtained.") (quotation omitted).  Because Otto never

---

[2]  Alternatively, pursuant to Rule 4(d)(1), a party could request in writing that an individual waive service of the summons.  Otto did not avail himself of this option.  However, even if he had, Rule 4(d) does not oblige either defendant to waive service.

received acknowledgements of service from Roy and Fabian, he has not effected service of the Amended Complaint.

Accordingly, this Court now recommends, in accordance with its prior orders, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. See Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

### III.   RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: March 30, 2016

*Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

**Filing Objections**:  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date**:  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report

and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.